**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER,<br><br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, COLLEGE OF MEDICINE, *et al.*,<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-23329 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

THIS MATTER comes before the Court by way of Plaintiff's Motion to Amend her Complaint, (ECF No. 5), pursuant to the Court's Order granting her Application to Proceed *In Forma Pauperis* and Dismissing her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because it failed to state a claim (ECF No. 4);

WHEREAS, Plaintiff's Amended Complaint does not address the deficiencies noted in the Court's previous Order, specifically Plaintiff's Amended Complaint consists principally of conclusory statements alleging that Defendants negligently and fraudulently misrepresented their policies regarding the application of Plaintiff's transfer credits from a prior institution or otherwise failed to exercise their duty of reasonable care in informing her of any potential issues with her transfer; and

WHEREAS, while the Court has the obligation to construe a pro se litigant's pleadings, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human*

*Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted); and

WHEREAS, the Court notes that Plaintiff does not assert any specific claim against each Defendant, which is required pursuant to Federal Rule of Civil Procedure 8(a); *see* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief."); and

WHEREAS, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants. . . Courts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.' This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *PF2 EIS LLC v. MHA LLC*, No. 21-3673, 2024 WL 4234954 at *3 (D.N.J. Sept. 19, 2024) (internal citations omitted);

WHEREAS, to allege fraud, Plaintiff must conform to Federal Rule of Civil Procedure 9(b)'s "heightened pleading standard," which requires that a party "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," *see* Fed. R. Civ. P. 9(b), but a complaint "must allege the date, time and place of the alleged fraud or otherwise inject precision or some measure

of substantiation into a fraud allegation." *Nelson v. Claussen*, No. 23-1896, 2024 WL 4249730 at *4 (D.N.J. Sept. 20, 2024); and

WHEREAS, Plaintiff's Amended Complaint does not allege with specificity the date, time, place, or other indicia of specificity with regard to the individual defendants and exactly how the named individual Defendants committed fraud against Plaintiff; and

WHEREAS, a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) is not the proper vehicle to challenge the Court's initial dismissal of Plaintiff's Complaint without prejudice; *see Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018); and

WHEREAS, Plaintiff may be able to cure the deficiencies present in her Amended Complaint and provide short, clear, and concise claims against each Defendant; and given her *pro se* status;

IT IS HEREBY on this ___ day of November, 2024,

**ORDERED** that Plaintiff's Motion to Amend her Complaint (ECF No. 5) is **DENIED** without prejudice;

**ORDERED** that Plaintiff has thirty (30) days upon the issuance of this Order to further amend her Complaint a final time, addressing the deficiencies noted herein; and

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge