UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER,<br><br>               Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, COLLEGE OF MEDICINE, *et al*.<br><br>               Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-23329 (KMW-SAK)<br><br>MEMORANDUM OPINION AND ORDER |

    THIS MATTER comes before the Court by way of Plaintiff's Motion to Amend Complaint (ECF No. 9) and pursuant to her letter filed on April 25, 2025, requesting an "expedited motion hearing," (ECF No. 10); and

    THE COURT NOTING that, pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument; and

    THE COURT FINDING that Plaintiff has amended her Complaint previously, with the Court directing her to plead specific facts against each Defendant as required by Federal Rule of Civil Procedure 8(a), and to plead her claims of fraud with the heightened specificity required by Federal Rule of Civil Procedure 9(b); *see* ECF Nos. 4, 8; and

    While the Court has the obligation to construe a pro se litigant's pleadings liberally, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted).

"Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025).

WHEREAS, the Court notes that many of the same defects remain in Plaintiff's Second Amended Complaint (ECF No. 9), with regard to group pleading. For example, while Plaintiff does specify one statement specific to Defendant Orien Tulp, (offered as Exhibit Q), and one statement specific to Defendant Carla Konyk, (offered as Exhibit U), all of the remaining seven Defendants are impermissibly grouped together in relation to Plaintiffs various claims, *see PF2 EIS LLC v. MHA LLC*, No. 21-3673, 2024 WL 4234954 at *3 (D.N.J. Sept. 19, 2024); and

WHEREAS, Plaintiff's Second Amended Complaint remains primarily comprised of conclusory statements alleging that Defendants negligently and fraudulently misrepresented their policies regarding the acceptance of Plaintiff's transfer credits from another institution or otherwise failed to exercise reasonable care to inform her of any potential issues with her transfer; and

WHEREAS, Plaintiff asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332, which provides the district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000.00, and is between citizens of different States, or citizens or subjects of a foreign state, *see* 28 U.S.C. § 1332 (a)(1) & (2); and

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI*

*Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant." (internal citations omitted)); and

WHEREAS, to determine the citizenship of a corporate party in this civil action, the state of incorporation and its principal place of business must be identified, *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business"); and

WHEREAS, Plaintiff provides that the "University of Science, Arts, and Technology, College of Medicine, Defendant(s) state of citizenship is: Campus: P.O. Box 506, S. Mayfield Estate Dr., Olveston, Monserrat MSR 1350, OO[,] Admissions: 4288 Youngfield Street, Wheat Ridge, Colorado, 80033[,] Administrative offices: 6511 Nova Drive, #333, Davie, FL 33317[,]" and further provides "Medical College of London state of citizenship is United Kingdom of Great Britain and Northern Ireland," and

3

WHEREAS, these statements are insufficient to establish a corporation's citizenship for the purposes of 28 U.S.C. § 1332(c)(1); and

WHEREAS, the Court noted in its prior order, (ECF No. 8) that the Court would only permit Plaintiff one additional attempt at amendment, and that the fatal deficiencies of the Second Amended Complaint are consistent with Plaintiff's prior filings.

IT IS HEREBY on this ___ day of May, 2025,

**ORDERED** that Plaintiff's claims against Defendants are **DISMISSED PREJUDICE**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close this case.

KAREN M. WILLIAMS
United States District Judge