UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER,<br><br>                Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, COLLEGE OF MEDICINE, *et al.*<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-23329 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the court on *pro se* plaintiff Karen Tucker's ("Plaintiff") Motion for Reconsideration (ECF No. 12) concerning the Court's May 12, 2025, Memorandum Opinion and Order (ECF No. 11) ("Dismissal Order"), wherein the Court Dismissed Plaintiff's Second Amended Complaint ("SAC") with prejudice for failure to comply with Rule 8(a), and for failure to establish subject matter jurisdiction. The Court, has considered the Plaintiff's Motion and, pursuant to Local Civil Rule 78.1(b), will decide the Motion on the papers without oral argument.[1]

Motions for reconsideration, though not expressly recognized under the Federal Rules of Civil Procedure, are generally treated as either (1) motions to alter or amend judgment under Rule 59(e), or (2) motions for relief from judgment under Rule 60(b). *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018).[2] However, Rule 60(b) motions are not the appropriate vehicle to reargue issues "that the court has already considered and decided." *Jones v. Lagana*, No. 12-5823,

---

[1] The Court notes that none of the Defendants filed responsive papers to Plaintiff's Motion for Reconsideration.

[2] Plaintiff's papers advance her arguments pursuant to Fed. R. Cv. P. 60(b) so the Court will analyze them as such.

1

2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation marks omitted)). Further, a Court should "refrain from addressing new legal arguments raised for the first time on a motion for reconsideration." *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 210 (D.N.J. 2012).

To prevail on her Motion for Reconsideration, Plaintiff must demonstrate either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To establish the availability of new evidence, the movant bears the "heavy burden" of showing that the new evidence "(1) [is] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial."[3] *Compass Tech., Inc. v. Tseng Lab'ys, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). To support her Motion for Reconsideration based on a clear error of law, the plaintiff must show that when the Court dismissed her SAC it overlooked either (1) a dispositive factual matter; or (2) a controlling decision of law. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001); and

**WHEREAS**, the Dismissal Order explains that Plaintiff's SAC did not cure the deficiencies the Court previously identified regarding group pleading. (ECF No. 11 at p. 2.) In this Reconsideration Motion, Plaintiff does not advance any argument that establishes grounds for the Court to reconsider its previous ruling. Instead, Plaintiff purports to voluntarily dismiss the claims against six defendants, one of whom is not even a named defendant in the case, in an effort to resolve the issues with group pleading. However, a Motion for Reconsideration is not an

---

[3] Under Rule 59 and Rule 60(b)(2) the standard for granting relief on the basis of newly discovered evidence is the same. As such, cases discussing Rule 59 on the basis of newly-discovered evidence are equally relevant. *Compass Tech.*, 71 F.3d at 1130.

2

opportunity to amend a complaint that has been dismissed with prejudice, which is what Plaintiff substantively attempts to do throughout the entire Motion; and

**THE COURT NOTING** that in her Motion for Reconsideration, Plaintiff asserts jurisdiction, in some places, pursuant to 28 U.S.C. § 1332 based on diversity of the parties, which is how she has previously contended jurisdiction lies. In other places though, she asserts jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction. Section 1331 is entirely different from § 1332 in that it conveys original jurisdiction on the federal courts not based on diversity of the parties but based on the existence of a federal claim.

To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 n.2. (3d Cir. Feb.16, 2024). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiff's Motion for Reconsideration does not argue that jurisdiction was previously established under § 1331. Instead, it attempts to add a claim under 42 U.S.C. § 1983, which provides a federal cause of action for individuals when a person, acting under color of state law, deprives them of a federally protected right. *See* 42 U.S.C. § 1983. Specifically, Plaintiff asserts that the Court, which is not a defendant in this case, has deprived her of her Seventh Amendment right to jury trial and that she has also been deprived of her Fourteenth Amendment right to due process.

3

However, in a Motion for Reconsideration, Plaintiff cannot, for the first time, react to the Court's ruling that she has not sufficiently established diversity jurisdiction, by simply amending her Complaint to assert a frivolous federal claim. Again, a Motion for Reconsideration is not an opportunity for the Plaintiff to amend a complaint that has been dismissed with prejudice. Such purported amendments do not, under the guise of a Motion for Reconsideration, cure the defects that previously existed.

Plaintiff was provided multiple opportunities to amend her complaint and given instruction from the Court regarding what deficiencies she must address to proceed with her claims. Plaintiff failed to do so and as a result her SAC was dismissed with prejudice. She cannot now, on a Motion for Reconsideration, submit a new complaint with less defendants and a new cause of action and proceed without consequence. On the motion before the Court, the Court must only consider what it has already ruled on. The Court will not engage new claims or theories that could have been raised, but were not, prior to the SAC's dismissal. *D'Argenzio*, 877 F. Supp. at 210;[4] and

**THE COURT NOTING** that the Plaintiff argues, in essence, that even though evidence was previously available, it is new to her as a *pro se* plaintiff, and her discovery of that information constitutes grounds for excusable neglect under 60(b)(1) and newly discovered evidence under 60(b)(2). The Court further notes that the newly discovered evidence Plaintiff cites is publicly available case law from a 2019 case between Dr. Orien L. Tulp and Carla Konyk[5] and the Educational Commission for Foreign Medical Graduates. Plaintiff contends that this case law "provides critical information about the Defendants' operations and citizenship, which was

---

[4] To the extent that Plaintiff believes a cause of action lies under § 1983, the Court notes that nothing in the SAC, nor any of the papers submitted with the Motion for Reconsideration indicates that any of the Defendants were acting under color of state law as required for a § 1983 cause of action.

[5] Dr. Tulp and Ms. Konyk are Defendants in this case but were Plaintiffs in the 2019 case against Educational Commission for Foreign Medical Graduates, No. 2:19-cv-2779-WB.

previously unavailable to Plaintiff, who is proceeding pro se and unfamiliar with the complexities of legal discovery." (ECF No. 12 at p. 32.)

Plaintiff obtained this case law on May 19, 2025, seven days after the Court dismissed the SAC with prejudice. In substance, Plaintiff argues that even though she found information that aided her ability to plead jurisdiction one week after the Court dismissed her complaint, her status as a *pro se* litigant should excuse her inability to identify the citizenship of the parties for one year, four months, and twenty days prior to the Court's dismissal.

While the Court has the obligation to construe a *pro se* litigant's pleadings liberally, *pro se* plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025). New Evidence for the purposes of reconsideration, "does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party *could not* earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)(emphasis added.) This does not include publicly available case law that Plaintiff could have accessed from the commencement of this suit. Therefore, Plaintiff has not established grounds for reconsideration under Rule 60 (b)(1) for excusable neglect or 60(b)(2) for newly available evidence; and

**THE COURT NOTING** that Plaintiff contends that, under Rule 60(b)(3) reconsideration is appropriate as a result of the Defendants' fraudulent conduct. Reconsideration is available if Plaintiff establishes that Defendants engaged in fraud or other misconduct that "prevented the moving party from fully and fairly presenting [her] case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). However, Plaintiff does not argue that Defendants acted in a way that prevented her from sufficiently pleading diversity jurisdiction. Rather, in her Motion for Reconsideration

5

Plaintiff sets forth allegations of fraud that go to the substance of the case, not the Defendants' misconduct which prevented her from fairly proceeding with her case.

For example, Plaintiff argues that "Plaintiff reasonably relied on USAT's Transfer Policy and the assurances of Dr. Tulp and Dr. Konyk. These representations were knowingly false and designed to induce enrollment and payment." (ECF No. 12 at p. 33.) This argument does not address any issue related to the Plaintiff's ability to plead diversity jurisdiction, which is what is required under Rule 60(b)(3). None of the other arguments that Plaintiff advances regarding Defendants' fraud, misrepresentation, or misconduct pertain to Plaintiff's ability to establish diversity jurisdiction. As such, Plaintiff has not sufficiently established grounds for reconsideration under Rule 60(b)(3); and

**THE COURT NOTING** that Plaintiff argues that the "Court committed clear error in dismissing the case for lack of subject matter jurisdiction" because "Plaintiff has properly alleged diversity jurisdiction under 28 U.S.C. § 1332." (*Id.*) In her SAC, Plaintiff plead jurisdiction pursuant to 28 U.S.C. § 1332, which provides the district courts with original jurisdiction where the matter in controversy exceeds the value of $75,000.00 and is between citizens of different States. *see* 28 U.S.C. § 1332. In its Dismissal Order, the Court explained that "to determine the citizenship of a corporate party in this civil action, the state of incorporation and its principal place of business must be identified, *see* 28 U.S.C. § 1332(c)(1)." (ECF No. 11 at p. 3.) The Court noted that "Plaintiff provides that the "University of Science, Arts, and Technology, College of Medicine, Defendant(s) state of citizenship is: Campus: P.O. Box 506, S. Mayfield Estate Dr., Olveston, Monserrat MSR 1350, OO[,] Admissions: 4288 Youngfield Street, Wheat Ridge, Colorado, 80033[,] Administrative offices: 6511 Nova Drive, #333, Davie, FL 33317[,]" and further provides "Medical College of London state of citizenship is United Kingdom of Great

Britain and Northern Ireland." (*Id.*) The Court held that such statements were insufficient to establish diversity jurisdiction for corporate defendants. (*Id.*); and

**WHEREAS**, Plaintiff has not pointed to any dispositive fact or controlling law that alters the Court's analysis of subject matter jurisdiction as pleaded in the SAC. Upon review of the SAC, the Court still finds Plaintiff's jurisdictional statements insufficient and that the Rule 8 pleading deficiencies the Court identified remain. Therefore, the Court did not err in dismissing the SAC with prejudice.

**IT IS HEREBY** on this 30th day of December, 2025,

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close this case.

KAREN M. WILLIAMS
United States District Judge