UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER,<br>Plaintiff,<br>v.<br>UNIVERSITY OF SCIENCE, ARTS & TECHNOLOGY, COLLEGE OF MEDICINE, *et al.*<br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-23329 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the court on *pro se* plaintiff Karen Tucker's ("Plaintiff") Second Motion for Reconsideration ("SMR") (ECF No. 14) concerning the Court's December 30, 2025, Memorandum Opinion and Order (ECF No. 13) ("Reconsideration Denial Order"), wherein the Court denied Plaintiff's Motion for Reconsideration ("First Motion for Reconsideration") of the Court's dismissal of her Second Amended Complaint ("SAC") with prejudice for failure to comply with Rule 8(a), and for failure to establish subject matter jurisdiction. The Court, having considered Plaintiff's submission, decides the SMR on the papers without oral argument pursuant to Local Civil Rule 78.1(b);[1] and

**THE COURT NOTES** the unique procedural posture of the SMR in that Plaintiff seeks reconsideration of a denial of a motion for reconsideration. Accordingly, the Court will only consider the arguments that are relevant to the Reconsideration Denial Order and will not consider any argument that seeks to amend, overturn, or modify prior arguments or rulings because the

[1] The Court notes that none of the Defendants filed responsive papers to Plaintiff's SMR.

Court has already considered and rejected such arguments in its various opinions throughout the course of this case; and

**WHEREAS**, motions for reconsideration, though not expressly recognized under the Federal Rules of Civil Procedure, are generally treated as either (1) motions to alter or amend judgment under Rule 59(e), or (2) motions for relief from judgment under Rule 60(b). *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). However, Rule 60(b) motions are not the appropriate vehicle to reargue issues "that the court has already considered and decided." *Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation marks omitted)). Further, a Court should "refrain from addressing new legal arguments raised for the first time on a motion for reconsideration." *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 210 (D.N.J. 2012).

To prevail on her SMR, Plaintiff must demonstrate either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To establish the availability of new evidence, the movant bears the "heavy burden" of showing that the new evidence "(1) [is] material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Lab'ys, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995). To support her SMR based on a clear error of law, the plaintiff must show that when the Court denied her First Motion for Reconsideration it overlooked either (1) a dispositive factual matter; or (2) a controlling decision of law. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001); and

**WHEREAS,** the only new arguments Plaintiff brings in her SMR are that the Court clearly erred because: 1) the Court has subject matter jurisdiction pursuant to federal question because Plaintiff brings a claim against Defendants for violating 42 U.S.C. § 1985 for allegedly conspiring to violate her civil rights; and 2) the Court dismissed the action with prejudice for lack of subject matter jurisdiction but such a dismissal should have been without prejudice. (ECF No. 14-5 at pp. 6–7, 10.) Additionally, Plaintiff now seeks limited discovery concerning Defendants' citizenship and agency relationships.[2] (ECF No. 14-5 at p. 12.) All of Plaintiff's remaining arguments, including those concerning the existence of diversity jurisdiction, her proposed § 1983 claim, newly discovered evidence, Defendants' alleged fraud or misconduct, and the existence of extraordinary circumstances, were raised in her First Motion for Reconsideration and addressed in the Court's prior Opinion; and

**THE COURT NOTING** that in her SMR, Plaintiff asserts that even if she did not properly plead diversity, the Court erred because jurisdiction exists pursuant to 28 U.S.C. § 1331 because she brings a federal claim under 42 U.S.C. § 1985. However, Plaintiff brings this claim for the first time in the SMR. As the Court explained in its Reconsideration Denial Order, "a Motion for Reconsideration is not an opportunity for the Plaintiff to amend a complaint that has been dismissed with prejudice. Such purported amendments do not, under the guise of a Motion for Reconsideration, cure the defects that previously existed." (ECF No. 13 at p. 4.) The same applies here. Accordingly, the Court will not engage new claims or theories that could have previously been raised but were not. *D'Argenzio*, 877 F. Supp. at 210; and

[2] As the Court explained in the Reconsideration Denial Order, "Plaintiff was provided multiple opportunities to amend her complaint and given instruction from the Court regarding what deficiencies she must address to proceed with her claims. Plaintiff failed to do so and as a result her SAC was dismissed with prejudice." (ECF No. 13 at p. 4.) She cannot now seek discovery to cure the deficiencies she was aware of more than a year ago. (*See* ECF No. 11 at pp. 2-3.)

**THE COURT NOTING** that Plaintiff argues that the Court erred by dismissing her SAC with prejudice because the dismissal rested on deficiencies relating to jurisdiction, which should be dismissed without prejudice. However, Plaintiff could have raised this argument in her First Motion for Reconsideration and did not. Accordingly, Plaintiff's failure to bring this argument earlier constitutes a waiver of the argument, and the Court will not engage it now. *D'Argenzio*, 877 F. Supp. at 210; and

**WHEREAS,** Plaintiff has not pointed to any dispositive fact or controlling law that alters the Court's analysis in the First Motion for Reconsideration. Plaintiff has not pointed to a clear error in the Court's analysis of the First Motion for Reconsideration. In the SMR, Plaintiff has done nothing but reiterate previous arguments, attempt to relitigate issues that have been settled, and untimely raise new arguments that could have been previously raised. Therefore, the Court did not err in denying her First Motion for Reconsideration.

**IT IS HEREBY** on this 3rd day of August, 2026, **ORDERED** as follows:

**A.** Plaintiff's Second Motion for Reconsideration (ECF No. 14) is **DENIED.**

**B.** Plaintiff's request for limited jurisdictional discovery is **DENIED.**

**C.** The Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close this case.

KAREN M. WILLIAMS
United States District Judge